UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROGER BALTAZAR, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS US LLC, a limited liability company, and DOES 1 to 10, inclusive,

Defendant.

No. 2:25-cv-00501-TLN-SCR

**ORDER**

This matter is before the Court on Plaintiff Roger Baltazar's ("Plaintiff") Motion to Remand.  (ECF No. 6.)  Defendant BGIS Global Integrated Solutions US LLC ("Defendant") filed an opposition.  (ECF No. 7.)  Plaintiff filed a reply.  (ECF No. 9.)  For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand.

///

///

///

///

///

///

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2024, Plaintiff filed this putative wage and hour class action against Defendant, his former employer, in Sacramento County Superior Court.  (ECF No. 1-2 at 5–31.)  On February 12, 2025, Defendant removed the action to this Court.  (ECF No. 1.)  On March 14, 2025, Plaintiff moved to remand the action to Sacramento County Superior Court.  (ECF No. 6.)

## II.     ANALYSIS

Plaintiff argues this action should be remanded because Defendant has failed to establish this Court has jurisdiction under traditional diversity jurisdiction or the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).[1]  The Court addresses each argument in turn.

### A.      Diversity Jurisdiction

The district court has original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

Plaintiff argues Defendant has failed to establish the amount in controversy exceeds $75,000 for traditional diversity jurisdiction.[2]  (ECF No. 6.)  Plaintiff contends Defendant's estimate of the amount in controversy is incorrect for two reasons.  (*Id.* at 14.)  First, Plaintiff argues Defendant's estimate improperly attributes attorney's fees for the entire class to Plaintiff as an individual.  (*Id.*)  Second, Plaintiff argues Defendant overestimates the damages sought, particularly as to meal and rest breaks.  (*Id.* at 15 (citing *Serrieh v. Jill Acquisition LLC*, 707 F.

---

[1]      Plaintiff also argues Defendant's Notice of Removal (ECF No. 1) is insufficient to prove by a preponderance of the evidence that the class is sufficiently numerous or that the amount in controversy exceeds the jurisdictional threshold for traditional diversity jurisdiction or under CAFA.  (ECF No. 6 at 9.)  However, Defendant's Notice of Removal was not required to do so.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only plausible allegations that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.").  Thus, the Court declines to address Plaintiff's argument at length.

[2]      The Court notes the parties do not dispute that diversity of citizenship exists.  (ECF No. 6 at 14; ECF No. 7 at 5.)

Supp. 3d 968, 976 (E.D. Cal. 2023)).)  Plaintiff contends proper calculations demonstrate the amount in controversy falls below the $75,000 threshold.  (*Id.* at 16.)

In opposition, Defendant maintains the amount in controversy requirement under traditional diversity jurisdiction is satisfied based on the allegations set forth in the Complaint and Defendant's personnel and payroll records.  (ECF No. 7 at 23.)  Defendant notes: Plaintiff's base hourly rate was $43.05; Plaintiff worked a weekly schedule of five days a week and generally worked 8-hour shifts for a total of 40 hours per week; Plaintiff was paid on a weekly basis; and Plaintiff was employed between December 19, 2022 and November 8, 2024 for a total of 97 workweeks.  (*Id.* at 11.)  Using these numbers, Defendant estimates the amount in controversy as to Plaintiff's individual claims, without inclusion of attorney's fees, to be $64,342.02.  (*Id.* at 12, 23–24.)  Thus, Defendant contends Plaintiff's counsel would only need to spend sixteen hours at a seven-hundred-dollar-per-hour rate or thirty six hours at a three-hundred-dollar-per-hour rate to meet the jurisdictional requirement.  (*Id.* at 22 (citing *Gonzalez v. Comenity Bank*, No. 1:19-CV-00348-AWI-EPG, 2019 WL 5304925, at *11 (E.D. Cal. Oct. 21, 2019) for the proposition that an attorney was more likely than not to spend at least fifty hours to prosecute just one of the plaintiff's individual claims).)

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

Upon review of Defendant's Notice of Removal and the evidence submitted in support of its opposition to Plaintiff's Motion to Remand, the Court finds Defendant has not carried its

3

burden to establish Plaintiff's amount in controversy exceeds $75,000.  Here, the damages amount is highly dependent on the assumed frequency of the alleged wage and hour violations. The frequencies assumed by Defendant (100% as to Plaintiff's meal and rest break claims) are not adequately grounded in the Complaint's allegations or in evidence.  When the meal and rest break violation rates are aligned with the Complaint's "sometimes, but not always" allegations, the purported amount in controversy is materially undercut.

Further, Defendant's estimated amount for attorney's fees cannot cure the shortfall created by the inflated frequency rate.  In its Notice of Removal, Defendant calculates the estimated amount of attorney's fees to be $70,000, the fee for litigating an entire class action.  (ECF No. 1 at 13.)  As Plaintiff notes, however, attorney's fees cannot be calculated by attributing aggregated class-wide fees to the named plaintiff.  *See Gibson v. Chrysler Corp.*, 261 F. 3d 927, 942–943 (9th Cir. 2001).  In its opposition, Defendant recalculates its estimate of attorney's fees using the lodestar method to an amount between $10,800 and $11,200.  (ECF No. 7 at 24.)  But even if the Court were to accept Defendant's recalculation of its estimate of attorney's fees, it does not resolve the predicate problem that Defendant's estimate of damages depends on disputed assumptions which are not supported by the current record.

Accordingly, the Court finds Defendant has not met its burden to establish the amount in controversy exceeds $75,000 as to Plaintiff, individually.

### B.    Jurisdiction under CAFA

CAFA gives federal courts original jurisdiction over certain class actions only if: (1) the class has more than 100 members; (2) any member of the class is diverse from the defendant; and (3) the aggregated amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. See   28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

Plaintiff argues Defendant fails to prove the amount in controversy exceeds $5,000,000.[3] (ECF No. 6.)  In opposition, Defendant calculates the amount in controversy to be $5,253,712.31.

---

[3]     Plaintiff also argues Defendant fails to prove the proposed class has one hundred or more members.  (ECF No. 6.)  Because the Court concludes Defendant fails to demonstrate the amount in controversy exceeds $5,000,000, it need not and does not address the issue.

(ECF No. 7 at 24.)

The Court finds Defendant's estimation of the amount in controversy only meets the $5,000,000 threshold if the frequency of both meal and rest break violations is assumed to be 100%. However, as discussed above, a violation rate of 100% is not supported by the pleadings or evidence. Additional downward adjustments — reduced penalties, narrower expense assumptions or an attorney fee percentage below the assumed rate — would further depress the total amount in controversy below the threshold.

Accordingly, the Court finds Defendant has not met its burden to establish the amount in controversy exceeds the requisite $5,000,000, as to the class, under CAFA.

III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand (ECF No. 7) and REMANDS this action to Sacramento County Superior Court. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Date: July 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE